[Civ. No. 17077.   First Dist., Div. Two.   Mar. 20, 1957.]

WILLIAM H. JONES, Appellant, v. AMERICAN PRESI-
DENT LINES, LTD. et al., Respondents.

John J. Taheny for Appellant.

Lillick, Geary, Wheat, Adams & Charles, Gary J. Torre and Gordon L. Poole for Respondents.

BRAZIL, J. pro tem.*—The appeal is from a judgment entered after a demurrer to the first amended complaint was sustained without leave to amend. The demurrer, filed by the three named defendants jointly, was based upon only one ground, namely: lack of jurisdiction in the state court.

The complaint alleges in two counts an action for damages resulting from a civil conspiracy among the three defendants to deny plaintiff his rights to employment aboard two of the company's ships. Whatever determination is made as to one count applies to the other for they merely represent different instances in which appellant was not accepted for work after reference therefor by the registration office.

The complaint alleges that the Pacific Maritime Association, acting for defendant shipping company and other like companies in December 1948, contracted with a cooks' and stewards' union concerning substantive rights of shipping company employees. Detailed provisions were contained for set-

*Assigned by Chairman of Judicial Council.

tlement of all disputes connected with the agreement by arbitration under the designation "Grievance Machinery."

In an action filed by the National Labor Relations Board in the United States Court of Appeals, Ninth Circuit, a consent decree was entered in May 1952 on behalf of American President Lines and other shipping companies, by which decree it was ordered that all parties desist from performing or giving effect to the 1948 contract. The decree, however, ordered into immediate effect a certain "Outline of Terms and Conditions of Employment of Cooks and Stewards," portions of which are pleaded in the complaint. That outline provided that the substantive parts of the contract regarding wages, conditions of employment, shall remain in effect and that employees shall continue to have the rights they had under the contract. One of the provisions of the outline which, in fact, forms the basis of plaintiff's allegation of civil conspiracy and consequent damage is as follows:

"Section 5. Non-Discrimination.

"No employee or applicant for employment shall be discriminated against by reason of sex, race, creed, color, national origin, political views or affiliations, or legitimate union activity."

The outline then provides for a central registration office for registering applicants for work as maritime cooks and stewards, for a master registration list by which applicants would be hired in sequence of time of registration, and then provides for the appointment of a referee having power to finally adjudicate all disputes and grievances arising out of such employment. Contained in the outline is the following paragraph:

"3. Grievances. Grievances may be presented by any employee. He may at the outset of each voyage or thereafter designate a delegate from among the ship's stewards department to represent him for the handling of any grievances aboard ship. He may consult in port with a representative of any union regarding the case. He may have such representative present, or assist in the presentation of, his case to the company representative. If the adjustment of the grievance at this step is unsatisfactory, the individual may appeal to a Port Committee step by designating the Port Committee of a stewards department union as his representative. Appeal to the Court appointed referee is the final, or arbitration, step,

where an individual may be represented by a representative of the union he has designated."

The outline gives the referee power to settle disputes on an applicant's qualifications for a position without a formal hearing yet reserving to the unions and Pacific Maritime Association a reasonable opportunity to present relevant evidence. The complaint then alleges (legal conclusions) "that said Decree and said Outline contained no provisions for the arbitration or adjudication of controversies concerning claims for damages on account of conspiracies and other wrongful acts causing damage by the denial of the substantive rights afforded a seaman by Section 5 of said contract."

Then follow allegations that plaintiff having registration priority and proper qualifications therefor was on December 8, 1954, refused the job of relief cook on the S.S. President Monroe; and in like manner in the second cause of action, on February 1, 1955, he was refused the job of sauce cook on the S.S. President Cleveland. It is alleged that the real reason for the refusal to hire plaintiff was because he was a member of the Negro race. It is next alleged that defendant Vaughan was port captain with general supervision at San Francisco of hiring employees for defendant shipping company and that defendant Souza was its shipping master who had personally refused to hire plaintiff for the two ships.

The plaintiff alleges that the three defendants conspired to defraud plaintiff of his rights, resulting in deprivation of those rights accorded him under section 5 of the contract to his damage in a stated amount for each cause of action, together with request for punitive damages.

We start with some well recognized principles of law: A demurrer admits all the allegations of the complaint which are well pleaded, and it must be assumed on appeal from a judgment predicated upon the sustaining of a demurrer that plaintiff could prove all the facts as alleged. (*Wirin* v. *Horrall*, 85 Cal.App.2d 497 [193 P.2d 470].) Truth of conclusions of law is not deemed admitted by a demurrer (*Connecticut Gen. L. Ins. Co.* v. *Johnson*, 8 Cal.2d 624 [67 P.2d 675]), and the same is true of allegations which are contrary to facts of which a court may have judicial knowledge.

To state a cause of action for conspiracy facts must be alleged showing the formation and operation of a conspiracy and damage resulting from acts done in furtherance of the plan. The cause of action is for the damage suffered,

not the mere conspiracy; and facts must be alleged which show that a civil wrong was done resulting in damages. Respondent concedes there are sufficient allegations of two necessary elements—joint action and injury to plaintiff—but claims no rights of plaintiff have been interfered with for he got none from the consent decree, and if he can't find his rights in that court order then they simply do not exist. ▮ Joint action causing injury is not sufficient for a civil action; something must be done which without the conspiracy would give a right of action. (*Perry* v. *Meikle*, 102 Cal.App.2d 602 [228 P.2d 17].)

▮ The right to private employment without discrimination on the basis of race is not one protected by the Constitution, by common law or any statute of the state that we are aware of; and so plaintiff has not alleged any violation of state or federal laws. If plaintiff has any rights, the interference with which has caused him damage, they must exist, if at all, under the provisions of the Circuit Court of Appeals consent decree of May 1952 or under the terms of the contract between union and employer of December 1948, insofar as those contract rights are preserved by said decree for the benefit of plaintiff.

Respondents contend that the right to enforce the provisions of the decree, it having completely superseded the contract, lies solely with the National Labor Relations Board; that the decree sets up an exclusive method for settlement of disputes by employees about working conditions, which would, of course, include racial discrimination and when the board has made its order, the board alone is authorized to take proceedings to enforce it. (*Amalgamated Utility Workers* v. *Consolidated Edison Co.*, 309 U.S. 261 [60 S.Ct. 561, 84 L.Ed. 738].) However, plaintiff does not seek to enforce the board's order, as contained in the consent decree, but to recover damages for what others have done to him in unlawfully depriving him of certain claimed rights.

▮ It has been held in *International Sound Technicians* v. *Superior Court*, 141 Cal.App.2d 23 [296 P.2d 395] (hearing in Supreme Court denied) that a state court has jurisdiction of an action for damages for wrongful invasion of an employee's right to work, even though said invasion also constitutes an unfair labor practice. The opposite would be true where injunctive relief is sought.

▮ There is little merit in appellant's contention that the outline, which is a part of the consent decree, does not apply

to an applicant for work because it refers only to "any employee" for applicants for employment are included in a definition of "employees" within the meaning of the Labor and Management Relations Act of 1947. (*John Hancock Mut. Life Ins. Co.* v. *National Labor Relations Board,* 191 F.2d 483.) ■ In like manner, appellant's view that jurisdiction is somehow given to the state court by respondents' failure to apply to the federal court to restrain plaintiff from prosecuting the present action cannot be sustained. If exclusive jurisdiction lies in the federal court, nonaction on defendants' part will not give it to the state court. *Vandalia Ry. Co.* v. *Keys,* 46 Ind.App. 353 [91 N.E. 173] does not support his position, for that case involved concurrent, not exclusive, jurisdiction.

The plaintiff's complaint is not aimed at settling a grievance or dispute with the shipping company over rate of pay, priority, discrimination or conditions of employment with a view of getting a job or preventing the company from pursuing any course of action. ■ His complaint sounds in tort for damages resulting from wrongful concerted action which deprived him of rights given him by the 1948 contract and expressly preserved by the consent decree of 1952. How or in what manner he may prove damages is not a matter of concern here. If he has these private rights, if they have been wrongfully interfered with, if damage was thereby a proximate result, there is no method of redress set up in the decree and outline which affords him any remedy.

The respondents maintain that the consent decree created no privately enforceable rights, having in Paragraph 1 thereof clearly abrogated all contracts covering the stewards department, thereby preserving none of the provisions of the contract of 1948. Paragraph 1 of that decree does provide among other things that the parties to the contract "Cease and desist from: . . . (2) Performing or giving effect to their contract of December 2, 1948 . . ." Paragraph 6 of the same decree says: "The Outline of Terms and Conditions of Employment of Cooks and Stewards attached hereto as Appendix H shall be immediately adopted, put into effect . . ." etc. Paragraph 1 of Appendix H is as follows:

"1. In accord with the Board's order, the substantive provisions of the pre-existing contract with respect to wages, rates of pay, hours of work, and other conditions of employment with preference as stated herein *shall remain in effect and employees shall continue to have any rights that they may*

*have acquired under the pre-existing contract* and its supplements and amendments.'' (Emphasis added.)

The preservation of whatever rights employees (including applicants for employment) may have had under the 1948 contract could not have been expressed in clearer language. It is apparent that the abrogation clause in the decree is subject to and is modified by the foregoing preservation clause and so they are not in conflict with each other but stand together as effective parts of the court's decree.

While not agreeing with respondents' assertion that this court can take judicial notice of the decree of the federal Court of Appeals, appellant, as he puts it in his closing brief, ''does not object to the inclusion of the decree''; all of which obviates the necessity of considering this phase of the case. (See *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448 [207 P.2d 647], *re* judicial notice.) The Exhibits of Pacific Maritime Association, found in the appendix to respondents' brief is no part of the record on appeal, nor does the court take judicial notice of its contents.

The judgment of dismissal having been based upon a demurrer which stated only one ground—''That the court has no jurisdiction''—we are not here concerned with the presence or absence of any of the remaining grounds for demurrer to be found in section 430 of the Code of Civil Procedure. Specifically, we do not here decide whether the provisions of the Arbitration Statutes (Code Civ. Proc., § 1280 et seq.) do or do not apply.

Judgment reversed.

Dooling, Acting P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 19, 1957.