[Civ. No. 31534. First Dist., Div. Two. Feb. 28, 1974.]

SUZON KORNBLUM, Plaintiff and Appellant, v.
NEWARK UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

624

COUNSEL

White, Giambroni & Walters, Huovinen, White & Giambroni and Francis R. Giambroni for Plaintiff and Appellant.

Richard J. Moore, County Counsel and William R. Johnston for Defendant and Respondent.

## OPINION

**ROUSE, J.**—Appellant, Suzon Kornblum, appeals from a judgment denying her petition for a peremptory writ of mandate reinstating her as a teacher with defendant Newark Unified School District.

The relevant facts may be summarized as follows: In 1970, plaintiff Kornblum was employed as a probationary teacher by defendant Newark Unified School District. Rule "K" of said school district, which was entitled "Maternity Leave," provided as follows: "The employee is required to submit a statement of pregnancy. The District reserves the right to request a physician's statement. Leave is to begin three months prior to the expected birth of the child and is to be continued to the end of the school year during which the leave is granted. *In no event* may the employee return to work less than three months following the birth of the child."

Plaintiff learned that she was pregnant on July 29, 1970, and was advised by her doctor that the expected birth date of her baby was February 1, 1971. In late September or early October 1970, plaintiff became aware of defendant school district's maternity leave rule.

On November 10, 1970, plaintiff filed a request to be heard by the school board and to be declared exempt from the school district's maternity leave rule. On that date, the assistant superintendent of schools asked plaintiff to disclose the expected birth date of her child, but she refused to give it because she did not believe that she was required to do so under the maternity leave rule. Plaintiff's request to be declared exempt from the maternity leave rule was placed on the school board's agenda for December 15, 1970, but the board never made any decision on said request.

On December 15, 1970, plaintiff notified defendant school district that the expected birth date of her child was in mid-February 1971, and on December 21, 1970, she gave the district written notice that the expected birth date was February 1, 1971.

On January 12, 1971, the school board approved plaintiff's maternity leave of absence effective December 18, 1970. Her child was born on January 21, 1971.

Plaintiff had experienced no medical problems related to her pregnancy and had been advised by her doctor that she could continue working as a teacher up until the child was born and could resume teaching two weeks after giving birth. She did in fact resume teaching on a substitute basis, in another school district, two weeks after her child was born.

Plaintiff had desired to continue teaching right up until the birth of her child and to resume teaching as soon thereafter as her doctor thought permissible. She did not feel obligated to notify the school district of the anticipated date of birth because she believed the district's maternity rule to be unreasonable and discriminatory to women.

Plaintiff's competency as a teacher was never in question.

On March 11, 1971, defendant school district notified plaintiff in writing that she would not be recommended for reemployment for the school year 1971-1972 because she had breached her employment contract by failing to comply with the school district's maternity leave rule.

Thereafter, a hearing was conducted before a hearing officer of the Board of Education, and defendant school district's decision not to reemploy plaintiff was upheld.

Plaintiff commenced the instant action by filing a petition for a writ of mandate under section 1094.5 of the Code of Civil Procedure against defendant school district. She challenged the constitutionality of the school district's maternity leave policy and sought a peremptory writ of mandamus compelling her reinstatement as a fulltime teacher in defendant school district. The trial court rendered a judgment denying plaintiff the writ of mandamus, and she has appealed.

Subsequent to the filing of the briefs on this appeal, the constitutional issues argued by the parties have been resolved by the United States Supreme Court. On January 21, 1974, that court rendered its decision in the companion cases of *Cleveland Board of Education* v. *LaFleur* and *Cohen* v. *Chesterfield County School Board* (1974) 414 U.S. 632 [39 L.Ed.2d 52, 94 S.Ct. 791]. Basing its decision upon the due process clause of the Fourteenth Amendment, the court held invalid maternity leave rules which required a pregnant teacher to commence such leave several months before the expected birth date of her child (five months in the *Cleveland* case and four months in the *Chesterfield* case). The court laid down certain guidelines as to maternity leave requirements which could properly be imposed and suggested that it might be permissible for a school district to require that a pregnant teacher go on maternity leave during the last few weeks of pregnancy. (See p. 647, fn. 13 [39 L.Ed.2d p. 64].)

The Supreme Court also held unconstitutional the requirement of the Cleveland Board of Education that a teacher who has gone on maternity leave cannot return to work within three months after the birth of her child. The court characterized this requirement as wholly arbitrary and irrational.

The court upheld the *Chesterfield County School Board* rule that a teacher who has gone on maternity leave is ineligible to return to work in the school year within which her child is born. This requirement was found by the court to be a means of serving the school board's interest in avoiding unnecessary changes in classroom personnel during any one school term.

The court also upheld the requirements that teachers give advance notice of their pregnant condition, pointing out that such requirements facilitated administrative planning toward the important objective of continuity.

In the instant case, it is apparent that the requirement of rule "K" that a teacher go on maternity leave three months prior to the expected birth date of her child is unconstitutional and therefore invalid. The same is likewise true of the provision precluding a teacher who has gone on maternity leave from resuming her employment within three months of the birth of her child.

Defendant school district argues, however, that plaintiff's failure to comply with the requirement that she give advance notice of her pregnant condition was in itself a sufficient basis for the district's decision not to re-employ her for the school year 1971-1972. We do not find this argument persuasive.

First, it is at least arguable that plaintiff did substantially comply with the advance notice requirement. Rule "K" does not specify the date upon which a pregnant teacher is required to advise the district of her condition. Reading the rule as a whole, however, it would appear that such notice would have to be given prior to three months before the expected birth date of her child, on which date the teacher would be required to commence her maternity leave.

Here, the expected birth date of plaintiff's child was February 1, 1971. Thus, she should have given notice of her pregnancy prior to November 1, 1970. She gave such notice only 10 days later, on November 10, 1970, when she requested that the school board exempt her from the maternity leave rule. Although it is true that plaintiff refused at that time to state the expected birth date of her child, rule "K" did not require her to do so, but required only that she "submit a statement of pregnancy." Plaintiff, in effect, did so. The fact that she gave notice 10 days later than was required under rule "K" can certainly be viewed as a technical violation of said rule. However, it may be noted that in *Cohen* v. *Chesterfield County School Board, supra,* the court was faced with a similar violation, in that Mrs. Cohen gave somewhat less than the required six months' notice of pregnancy. The court obviously attached little significance to this fact.

In any event, the question is actually one of severability. The test of severability is whether the invalid parts of an enactment can be severed from the otherwise valid parts without destroying the legislative scheme or the utility of the remaining provisions. (*Blumenthal* v. *Board of Medical Examiners* (1962) 57 Cal.2d 228, 238 [18 Cal.Rptr. 501, 368 P.2d 101].) Stated differently, an unconstitutional enactment will be upheld in part only if it can be said that that part is complete in itself and would have been adopted even if the legislative body had foreseen the partial invalidation of the enactment. (*Verner, Hilby & Dunn* v. *City of Monte Sereno* (1966) 245 Cal.App.2d 29, 35 [53 Cal.Rptr. 592].)

Here, it is obvious that the notice requirement included in rule "K" was inextricably connected with the invalid requirement that a teacher go on maternity leave three months prior to the expected birth date of her child. Absent any valid requirement providing for the commencement of maternity leave, it certainly cannot be presumed that defendant school district would have any legitimate reason for wanting to be advised that a teacher was pregnant.

The direct connection between the two provisions must have been equally obvious to plaintiff. She well knew that when she gave the required notice, she would be required forthwith to go upon maternity leave three months prior to the birth of her baby. She viewed that requirement as unconstitutional, and her judgment in that regard has now been proven correct.

In view of the inseverability of the notice and compulsory maternity leave requirements of rule "K," it is not possible to uphold the validity of the former and to hold that a violation of the notice requirement constituted a valid basis for defendant school district's refusal to reemploy plaintiff for the school year 1971-1972.

The judgment denying plaintiff a peremptory writ of mandamus is reversed, and the cause remanded with directions to the trial court to issue its peremptory writ of mandate compelling defendant to reinstate plaintiff as a teacher in its district.

Taylor, P. J., and Kane, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 24, 1974.