[No. B019201. Second Dist., Div. Five. July 9, 1987.]

ROSEMARY A. FICALORA, Plaintiff and Appellant, v.
LOCKHEED CORPORATION, Defendant and Respondent.

COUNSEL

Rosemary A. Ficalora, in pro. per., for Plaintiff and Appellant.

Quinn & Emanuel, John B. Quinn and David W. Quinto for Defendant and Respondent.

OPINION

ASHBY, J.—Appellant Rosemary Ficalora sued her former employer, respondent Lockheed Corporation. The trial court granted Lockheed's motion for summary judgment and denied appellant's motions for reconsideration and new trial. Appellant challenges the trial court's decisions on appeal. We find that the summary judgment was properly granted and affirm the judgment.

## BACKGROUND

Appellant was hired by Lockheed in 1980. On October 1, 1981, she filed a complaint with the United States Department of Labor against Lockheed alleging sex discrimination in its promotion and salary practices. On November 11, 1981, appellant was laid off "due to lack of work." On May 13, 1982, she filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that Lockheed had actually laid her off in retaliation for having complained to the Department of Labor. EEOC filed a copy of appellant's complaint with the Department of Fair Employment and Housing (DFEH) to protect her rights under California law. DFEH notified appellant on August 12, 1982, that her case was being closed and that any civil suit she wished to bring under California law had to be brought within one year.

On November 19, 1982, appellant sued Lockheed in federal district court for, inter alia, retaliatory layoff in violation of the Fair Employment and Housing Act (FEHA or the Act), specifically Government Code section 12940,[1] and wrongful discharge. On January 27, 1983, appellant filed an amended complaint, changing her suit from an individual suit to a class action against Lockheed. The state law causes of action relating to the layoff under the Government Code and the common law did not appear in the amended complaint.

Appellant filed this lawsuit on June 4, 1984. As to Lockheed, the complaint alleges common law causes of action for wrongful discharge and breach of implied covenant of good faith and fair dealing.[2] In the sixth and seventh causes of action appellant alleges that, in retaliation for having challenged Lockheed's discriminatory practices, Lockheed discharged her and, by informing prospective employers of her actions, sought to prevent her from gaining other employment.

■ The trial court granted Lockheed a summary judgment based on our opinion in *Strauss* v. *A. L. Randall Co.* (1983) 144 Cal.App.3d 514 [194 Cal.Rptr. 520]. In *Strauss* we stated that where a new right is created by statute the aggrieved party must resort to the statutory remedy if one is provided. (*Id.* at p. 518.) The implication of the trial court's ruling is that appellant's failure to comply with the statutory scheme of the FEHA is fatal to her suit because she has no common law remedy. The trial court's ruling is correct.

[1] All statutory references are to the Government Code unless otherwise indicated.

[2] In the same suit appellant also sued her former attorneys. The summary judgment was granted only as to the two causes of action against Lockheed.

The FEHA prohibitions on employment discrimination are not a codification of preexisting common law doctrine; the act includes "areas and subject matters of legislative innovation, creating new limitations on an employer's right to hire, promote or discharge its employees." (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 490 [156 Cal.Rptr. 14, 595 P.2d 592]; *Strauss* v. *A. L. Randall Co., supra,* 144 Cal.App.3d at p. 518, and see p. 517, fn. 1; *Williams* v. *Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 949 [231 Cal.Rptr. 234].) One of the limitations created by the FEHA is the prohibition against retaliation by an employer. Where an employee files a complaint with DFEH regarding gender discrimination and the employer retaliates with unlawful employment practices, the employee may take action against the employer. (§ 12940, subd. (f).) But that action is defined by statute: the employee may file a complaint with DFEH within one year of the alleged discrimination (§ 12960); if the DEFH takes no action within 150 days, it must notify the complaining employee in writing of the employee's right to bring a civil action against the employer within one year of the date of the notice (§ 12965).

Appellant cites no previously existing common law cause of action in California which would permit her to sue without complying with the statutory scheme. Even if a common law cause of action existed before retaliation was identified in the Act as an unlawful employment practice, the Legislature has made clear its intent to "occupy the field of regulation of discrimimation in employment" by virtue of the FEHA. (§ 12993, subd. (c).) We therefore find that appellant's sole cause of actiom for retaliation is the statutory cause of action.

Appellant cites to the line of cases which have recognized a cause of action based on wrongful discrimination where the discharge was in violation of public policy, beginning with *Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314]. She argues that because her retaliatory layoff violates public policy as expressed in Labor Code section 1102.5, subdivision (b),[3] she should be permitted to sue under the common law wrongful discharge doctrine. That doctrine is inapplicable, however. ■ It applies where an employee takes action encouraged by public policy for which the employee is fired, and the firing itself is not prohibited by any particular statute. Under those circumstances the employee is permitted to rely on the court-created remedy of a wrongful discharge suit. In this case the public policy is expressed in the

---

[3] Labor Code section 1102.5, subdivision (b), provides: "No employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation."

statute which specifically prohibits the firing and provides the employee with a remedy. Thus, the *Tameny* cases are not controlling.

Furthermore, Labor Code section 1102.5 was enacted in 1983, well after the retaliatory discharge for opposing gender discrimination was prohibited by statute in this state. (See former Lab. Code, § 1420 and historical note there following.) Therefore, no argument can be successfully made in reliance upon *Hentzel* v. *Singer Co.* (1982) 138 Cal.App.3d 290 [188 Cal. Rptr. 159, 35 A.L.R.4th 1015], which found that the statutory cause of action based on the provisions of the California Occupational Safety and Health Act was merely cumulative because of a preexisting right of action.

■ In her motion for reconsideration and again on appeal, appellant argues that she should be permitted to amend her complaint to state the statutory cause of action. Such amendment would be useless in this case, however, because the one-year statute of limitations had already run by the time appellant filed her suit in state court. Appellant received the notice from DFEH in August 1982; she filed the state court action in June 1984.

Appellant contends in the reply brief that under the doctrine of equitable tolling the one-year statute of limitations was tolled by the filing in federal court of the complaint alleging retaliation. First of all, the FEHA scheme specifically requires that after a complaining employee receives a notice that a civil suit may be brought, the "superior, municipal, and justice courts of the State of California shall have jurisdiction of such actions, and the aggrieved person may file in any of these courts...." (§ 12965, subd. (b).) Because appellant brought her suit in federal court there is a question as to whether she complied with the statutory scheme at all. Even if suing in federal court is considered one of "several legal remedies" available to appellant (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941]) and equitable tolling applies, the statute of limitations has nevertheless run.

When appellant amended the federal complaint in January 1983 she did not include the retaliation cause of action. The retaliation cause of action ceased to exist as a pleading in federal court. (*Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 884 [92 Cal.Rptr. 162, 479 P.2d 362].) At that point, then, the one-year statute of limitations began to run. Appellant did not file this suit in superior court until June 1984, six months after the one-year statutory period expired. Thus, the trial court properly granted summary judgment in this case. (*Trantafello* v. *Medical Center of Tarzana* (1986) 182 Cal.App.3d 315, 317 [227 Cal.Rptr. 84].)

Appellant was told that she was laid off because there was a lack of work. She contends that she recently became aware of the possibility that she was

laid off for cause. Appellant argues that this creates a question of fact which makes the summary judgment improper. She also states quite clearly that her suit is based on allegations of retaliatory practices against her. In light of the theory of her suit, expressed in the complaint as well as in the appellate briefs, the suit is time-barred.

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.