Mattye Faye **FAULKNER**, Appellant,

v.

**FEDERATION OF PRESCHOOL AND COMMUNITY EDUCATION CENTERS, INC., Appellee.**

No. 75–3673.

United States Court of Appeals, Ninth Circuit.

Nov. 10, 1977.

Rehearing Denied March 10, 1978.

Arnold Melvin Johnson, Los Angles, Cal., for appellant.

Howard C. Hay, of Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for appellee.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

Mattye Faulkner alleges that she was discriminatorily discharged by defendant Federation of Preschool and Community Education Center, Inc., on March 10, 1971, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The district court granted the Federation's motion for summary judgment from which Faulkner appeals. We affirm.

Faulkner argues that (1) subject matter jurisdiction should not be resolved by a motion for summary judgment; (2) affidavits and supporting documents did not meet the requirements of Rule 56(e); (3) the Federation was not an "educational institution" and her work was not "connected with" the activities of the Federation within the meaning of § 703 of the Act, 42 U.S.C. § 2000e–2; (4) the alleged discriminatory act took place after March 24, 1972, the effective date of the 1972 Amendments eliminating the educational institution exemption to Title VII coverage.

■ The district court had subject matter jurisdiction of this case under 42 U.S.C. § 2000e–5(f)(3). A motion to dismiss for failure to state a claim upon which relief can be granted may be treated as one for summary judgment and disposed of as provided in Rule 56. Fed.R.Civ.P. 12(b).

■ Appellant did not object to the affidavits and supporting documents in the proceedings below. Affidavits and documents not in compliance with Rule 56(e) may nonetheless be considered by the trial court and will support a judgment in the absence of an objection by counsel. *United States v. Dibble*, 429 F.2d 598, 603 (concurring opinion) (9th Cir. 1970). In any event, there is no merit to appellant's challenge to the affidavits and documents.

■ Educational institutions were originally exempted from Title VII coverage. 42 U.S.C. § 2000e–2. However, "educational institution" was not defined. Nor is the legislative history enlightening. Appellee's affidavit relates that it maintains 23 school facilities with classrooms located throughout the neighborhoods serviced by the Federation and employs some 80 persons as teachers. Appellee was employed by the Federation to work with parents in the development of its programs. In the absence of statutory definition and of any evidence of legislative intent, the district court's finding that the Federation is an "educational institution" and that appellant's work was "connected with" the activities of the Federation is correct.

■ Appellant conceded in the proceedings below that the elimination of the educational institution exemption was not retroactive, and the district court noted in its decision that retroactivity was not at issue. However, for the first time on appeal, appellant alleges that she was not terminated from employment by appellee until after the termination of the educational institution exemption by the 1972 Amendments. The time of the alleged act of discrimination is April, 1971 at the latest. Since no acts of discrimination occurred after March 24, 1972, the effective date of the 1972 Amendments, Title VII is inapplicable. *Weise v. Syracuse University*, 522 F.2d 397 (2d Cir. 1975); *Cohen v. Illinois Institute of Technology*, 524 F.2d 818 (7th Cir. 1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1971). Nor are the 1972 Amendments subjecting educational institutions to the requirements of Title VII to be applied retroactively. *Weise v. Syracuse University, supra*, at 411.

There is no genuine issue of material fact underlying the adjudication. Moreover, the substantive law was correctly applied. Summary judgment was properly granted.

AFFIRMED.