Charles E. TOWNSEND, Jr. and Henry L. Pohndorf, Plaintiffs-Appellants,

v.

COLUMBIA OPERATIONS, Columbia Petroleum, Inc., Anton G. Nosek, III, Mindevco, Inc., Chaparral Petroleum, and Ben M. Fitzgerald, Defendants-Appellees.

No. 79–4638.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1981.
Decided Feb. 8, 1982.

Kenneth M. Christison, San Francisco, Cal., for plaintiffs-appellants.

Allan I. Shatkin, Gordon, Holstein & Ropers, Inc., San Francisco, Cal., Rauer L. Meyer, Bushkin, Kopelson, Gaims, Gaines & Wolf, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN and POOLE, Circuit Judges, and WYATT *, District Judge.

WYATT, District Judge:

This is an appeal by plaintiffs from a summary judgment for defendants entered on August 24, 1979. We affirm.

---

* Honorable Inzer B. Wyatt, Senior United States District Judge for the Southern District of New York, sitting by designation.

1.

The action was commenced on May 24, 1978.

After various maneuvers and a hearing of motions, a first amended complaint was filed on May 9, 1979. This is the only pleading for plaintiffs now effective, and, for convenience, it will hereafter be referred to simply as "the complaint."

The complaint is not "a short and plain statement of the claim" as required by a basic general rule. (Fed.R.Civ.P. 8(a)). It is a complicated, confusing 22 page document, with a good deal of evidence averred. The nature of the claims can, however, be made out. The plaintiffs are two individuals. The defendants are corporations, partnerships, and individuals, who offered to investors interests in partnerships to exploit oil and gas leasehold interests. Plaintiffs purchased from defendants at different times between August 1973 and May 1978 interests in "Columbia Drilling Venture-Series 3," a limited partnership (hereafter usually referred to simply as "the Partnership"). Plaintiffs aver that they were induced to make these purchases by fraud of the defendants in that defendants made "untrue statements of material facts and omitted to state material facts" (for example para 27; "para" references are to paragraphs of the complaint). Compensatory damages are sought "in an amount to be determined at trial"; punitive damages of one million dollars are also sought.

Federal jurisdiction is based on Section 22(a) of the Securities Act of 1933 (15 U.S.C. § 77v(a)), and on Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa). There are two claims based on federal law and three pendent claims based on California law. The federal claims are for alleged violations of Section 17(a) of the 1933 Act (15 U.S.C. § 77q(a)), and of Section 10(b) of the 1934 Act (15 U.S.C. § 78j(b)), and of Rule 10b–5 of the Securities and Exchange Commission (17 C.F.R. § 240.10b–5).

Significant to this appeal is that, while there is mention at a few places in the complaint of "oral" misrepresentations (paras 11, 21, 28, 44), it is clear that the frauds asserted by plaintiffs are misrepresentations in or omissions from four specific documents which are extensively referred to in the complaint and which are said to have induced plaintiffs to purchase their interests in the Partnership. The four documents are: a "1973 Memorandum," a "1974 Confidential Memorandum," a "1976 Confidential Memorandum," and a January 1974 letter. These four documents are hereafter referred to sometimes as "the four documents." It is specifically alleged (para 37) that one of the plaintiffs relied upon the misrepresentations in and omissions from "all of the memorandums [sic] and the January, 1974 letter," that the other plaintiff relied upon the misrepresentations in and omissions from "the 1974 Memorandum," and that they were thereby induced to purchase their interests in the Partnership. The four documents, however, are not annexed to the complaint.

Motions were made by all defendants, including motions to dismiss the complaint for failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)). No "matters outside the pleading" were presented to the court in the moving papers. Various grounds were there urged, but it seems evident that the principal ground, at least as to the federal claims, was the bar of the statute of limitations.

Argument on the motions was set for August 3, 1979.

We are told in the briefs, and it is not in dispute, that before the argument, and on July 30 or 31, at the telephone request of a law clerk to Judge Schwarzer, counsel to plaintiffs and counsel to some of the defendants delivered copies of the four documents to Judge Schwarzer at his chambers. They were not at that time filed in the Clerk's office. There is no suggestion here that the copies were inaccurate.

The argument took place on August 3, 1979.

At the beginning of the August 3 hearing, the district judge made a statement critical of both the complaint and of the motions. As to the motions, the criticism was that the four documents had not been made part of the moving papers. The court said that, on the basis of a "summarization" by counsel of the four documents, he could not be expected to rule on the statute of limitations point (movants were arguing that the documents themselves made full disclosure or at least, particularly the January 1974 letter, put plaintiffs on inquiry notice). The judge declared, however, that he had "gone through this now," by which evidently he meant that he had received the four documents and had studied them.

During the argument, the judge referred to "the documents that are at issue here," and emphasized: "I have the documents; I have the complaint." The four documents and their alleged misrepresentations and disclosures were extensively discussed at the argument. The court said that disclosures in the January 1974 letter meant that "they [plaintiffs] don't have any claim on that" and "if they ever had one, the statute has run on that." Counsel to plaintiffs pointed to alleged false statements in the four documents on which he relied. The court then referred to the January 1974 letter which he said had "an unqualified disclosure" and said to counsel for plaintiffs: "So, clearly, the statute of limitations on that claim began to run at that time, did it not?" The reply for plaintiffs was in effect affirmative. The court then declared: "I don't think that raises a factual issue as to whether there is an adequate disclosure. I think it clearly is. It is certainly sufficient to put them on notice to ask questions. And I think to that extent it is clear. Let's go on."

At all times during the August 3 hearing, the four documents were in the hands of court and counsel and were the focus of the entire argument. There was no objection by plaintiffs nor by anybody else to their being used in support of the motions, and it was clear from the beginning that the court was in fact so using them. There was no indication by plaintiffs that they wished to

submit anything in respect of the four documents.

Counsel for plaintiffs and for all defendants were given every opportunity to address the court. When no one had anything more to say, Judge Schwarzer announced his decision to grant summary judgment for all defendants. He then dictated an opinion for the record. The oral opinion occupies five pages of the stenographic transcript and contains the reasoning of the court. Its first statement is that the motions to dismiss must be treated as motions for summary judgment because "without examination of those documents [the four documents], one cannot pass on the merits of those defenses." This was a reference to the fact that the motions, as the court had just explained, were "based primarily on the statute of limitations" and to the provision in Fed.R.Civ.P. 12(b) that if, on a motion to dismiss for failure of the complaint to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."

It was not until nearly three weeks later, on August 23, 1979, that a written order granting summary judgment was filed. Exactly three weeks later—on August 24—a summary judgment for defendants was entered. During the three-week period, there was no offer by plaintiffs of any further "matters outside the pleading" in opposition to summary judgment.

This appeal then followed.

When appellants filed their opening brief, they argued, among other things, that the four documents were not part of the record before the district court (and presumably not part of the record on appeal). Apparently taking note of this problem, Judge Schwarzer, on May 20, 1980, filed an order under Fed.R.App.P. 10(e) directing that the four documents "be certified and transmitted" to this court "as part of the record on appeal." This was said in the order to have been done "so that the record on appeal will truly disclose what occurred in the District Court," a slight paraphrase of language in Fed.R.App.P. 10(e).

2.

Appellants make three principal arguments in asking that the summary judgment for defendants be reversed:

(1) that the district court committed error in considering the four documents because they had not been authenticated by affidavit, had not been filed with the Clerk, and were not part of the district court record;

(2) that the district court committed error in treating the motions as ones for summary judgment (a) without giving plaintiffs reasonable notice of that purpose, and (b) without giving plaintiffs a reasonable opportunity to present opposing material; and

(3) that the district court committed error in ruling that there was no genuine issue as to any material fact.

3.

The arguments to this Court by both sides have assumed that the four documents are "matters outside the pleading" within the meaning of these words in Fed.R.Civ.P. 12(b). This was also apparently the assumption of Judge Schwarzer, who felt it necessary to treat the motions as ones for summary judgment.

We are by no means sure, however, that the four documents are "outside" the complaint. They are in substance a part of that pleading. While they are not literally incorporated in it by reference, they are in every other way so incorporated. The claims made in the complaint are based on the four documents; the misrepresentations and omissions alleged to have induced the purchases are said to have been in or from the four documents. They are identified in the complaint as writings and are fully described. They have now been made a part of the record and are seen to be process copies of the originals; as to the January 15, 1974, letter, this was manually signed and the reproduced signature has certainly been verified. The accuracy of the four documents used by the court was never

questioned at the argument on August 3, 1979, and is not questioned now; indeed, the copies used by the court were supplied by counsel for appellants.

But if in fact the four documents are "outside the pleading," they were nevertheless properly used by the district court and were properly made a part of the record.

■ The omission of the four documents from the original record was an error or accident. Neither the parties nor the district judge saw to it that the clerk stamped the four documents as "filed" and entered them in the civil docket, although they were submitted at the request of the district judge, were physically in the courtroom at the argument, were referred to and relied on by both sides in that argument, and were the basis of the opinion dictated by the court at the end of the argument. Their inclusion by order under Fed.R.App.P. 10(e) reflects what actually occurred in the district court and is exactly the situation for which the cited Rule was designed. *See* 9 Moore's Federal Practice ¶ 210.08[1]; *see also United States v. First National State Bank*, 616 F.2d 668, 671 n.4 (3d Cir.), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). The documents are thus properly in the record on appeal before this Court.

■ There was no objection below to the use by the court of the four documents and, even if they were not presented in compliance with Fed.R.Civ.P. 56(e), they would support a summary judgment in the absence of objection to their use. *See Faulkner v. Federation of Preschool and Community Education Centers, Inc.*, 564 F.2d 327, 328 (9th Cir. 1977).

### 4.

■ Two arguments urged for plaintiffs are accepted as sound in principle. First, plaintiffs should be given reasonable notice that a motion addressed to the sufficiency of a pleading on its face will be treated as a motion for summary judgment and that "matters outside the pleading" will be considered. Second, if such events occur, plaintiffs should be given a "reasonable opportunity" to submit opposing material. These propositions find support in our decision in *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 84, 85 n.5 (9th Cir. 1968), and in other decisions of this Court on which appellants here rely. The plaintiffs in those cases, however, resisting Rule 12(b)(6) motions to dismiss, did not have any notice that the district court would consider affidavits improperly attached to the moving papers.

■ These appellants did have notice that the district court would consider the four documents. The complaint itself invited the court to do so. Well in advance of the hearing of the motions—four or five days in advance—plaintiffs knew that the district court had accepted their invitation and would consider the four documents on the motions. Counsel for plaintiffs had themselves sent copies of the documents to Judge Schwarzer at his request. Once matters outside the pleadings are considered by the court, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. *See Dorado v. Kerr*, 454 F.2d 892, 896 (9th Cir. 1972). It is thus not true to say, as do appellants (Brief, p. 17), that the "first notice given by the Judge" was "in the last two minutes of the hearing." On the contrary, the judge made it clear at the *opening* of the argument that he had the four documents before him and would use them to decide the motions; counsel for plaintiffs told the court early in the argument that the fraud on which he relied was "in the 1973 memorandum," one of the four documents. There were many other references during the argument to the four documents; as earlier stated, they were the focus of the oral argument.

Moreover, the plaintiffs did in fact have every reasonable opportunity in the district court to submit opposing material. There was never any indication to the court that plaintiffs had anything they wished to submit or that they had any objection whatever to the procedure being followed. We do not believe a fair reading of the transcript of the August 3 argument supports the

statement to us for appellants (Brief, p. 17): "Counsel were not even given an opportunity for comment upon or objection to the announced decision as the court was adjourned promptly after the decision was rendered . . . ." The court said nothing about an adjournment, nor did the court decline to hear anybody after stating the decision. The reporter ended the stenographic transcript in a usual way by typing the words: "(Proceedings Adjourned.)" This means to us simply that, no one present having indicated any wish to say anything further, the proceedings were concluded.

In the five days after sending the documents to Judge Schwarzer, and during the oral argument itself, and in the three weeks after that argument before entry of judgment, plaintiffs could have asked to submit opposing material. They did not do so. Thereafter, they did not ask for reargument or reconsideration and made no motion under Fed.R.Civ.P. 60(b), a motion which could have been made "for any . . . reason justifying relief from the operation of the judgment." In connection with any such motion, pertinent material opposing summary judgment could easily have been submitted.

■ Never having asked in the district court to submit "outside" material opposing summary judgment, appellants cannot be heard to complain now.

### 5.

The final argument for appellants (Brief, pp. 21–26) is that the district court committed error "in holding that no triable issue of fact remained with respect to the running of the statute of limitations or the substantive allegations of the complaint" (Brief, p. 21).

The argument never addresses itself to the statute of limitations point and as to the other points is not found to be helpful.

We have made an independent study, however, and find that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

■ We need consider in this connection only Count I and Count II, the two federal claims in the complaint. If judgment for defendants was properly entered on the two federal claims, the district court should have dismissed the pendent state claims. "Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Count I and Count II were declared in the August 23, 1979, order to be "barred by the applicable statute of limitations." The order added: "and, to the extent they are not, raise no triable issue."

We are satisfied that the ruling on the statute of limitations was entirely correct; nothing beyond this need be considered.

■ It is agreed that we should look to California law for a statute of limitations, there being none in the applicable federal laws. Under California law, the period is three years from discovery of the "fraud or mistake." Cal.Code Civ.P. § 338. *See United California Bank v. Salik,* 481 F.2d 1012 (9th Cir.), *cert. denied,* 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973). Plaintiffs acknowledged in the court below (at page 5 of their July 23, 1979, memorandum of law) that this was the applicable limitations period.

■ The district court correctly held that plaintiffs had inquiry notice of the fraud from the January 1974 letter, which is one of the four documents and which was brought to their attention shortly after its date (January 15, 1974). It appears from the complaint that both appellants knew the contents of the letter; it is averred (para 40) that "each relied" on each of the four documents. In the face of the January 1974 letter, affidavits of appellants that "they did not become aware of the fraud until 1977" (Brief for appellants, p. 15) would not have raised any genuine issue of material fact.

■ The statute of limitations began to run when plaintiffs had inquiry notice. *See*

*Rochelle v. Marine Midland Grace Trust Co. of New York*, 535 F.2d 523, 531 (9th Cir. 1976). Thus, by the time plaintiffs commenced their action on May 24, 1978, the period of limitations on the two federal claims had expired.

AFFIRMED.