815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald CARRINGTON, Karole Foster, Bernice Hodoh, Phyllis
Broadus, Ola Mae Cheathom, Maurice Mundy, Joyce
Nicole Reed, Paul Owens, and Dolores
Owens, Plaintiffs-Appellants,
v.
The LAWSON'S MILK COMPANY, and Gary Smith, Defendants-Appellees.
 No. 86-3264.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1987.
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff's-appellants, Donald Carrington (Carrington), Karole Foster, Bernice Hodoh, Phyllis Broadus, Ola Mae Cheathom, Maurice Mundy, Joyce Nicole Reed, Paul Owens, and Dolores Owens (plaintiffs) appealed from the district court's entry of summary judgment in favor of the defendants-appellees, The Lawson Company (Lawson's) and Gary Smith (Smith) in this civil rights action based upon 42 U.S.C. Sec. 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000a, 2000a-1, & 2000a-2.
 
 
 2
 The record disclosed the following facts. The plaintiffs, except for Carrington, were black United States citizens and high school students at Buchtel High School in Akron, Ohio. Carrington was a black citizen employed at Buchtel High School on its security staff. Lawson's was a corporation which owned and operated a chain of convenience food stores, including one located on State Road in Cuyahoga Falls, Ohio. The store sold food and beverages, including such items as lunch meats and cheeses, dairy products, and sno-cones. Smith, a white male, was employed by Lawson's as a sales assistant and was on duty the night of September 13, 1984.
 
 
 3
 At about 8:45 p.m. on September 13, 1984, the plaintiffs were returning from a class picnic when they were involved in a traffic accident at the intersection of State and Valley Roads in Cuyahoga Falls, Ohio. Several of the plaintiffs entered Lawson's and requested permission to use a pay telephone located behind the counter. Smith, following company security policy which prohibited any persons other than on duty company employees access to areas behind the sales counter, and the use of the phone for other than business purposes, denied their request. The plaintiffs left the store and used a public pay telephone situated approximately one block away.
 
 
 4
 After police and paramedics had arrived at the scene of the accident, the student plaintiffs re-entered Lawson's and again sought permission to use the telephone. On this occasion they were accompanied by Carrington and James Romano (Romano), a white assistant principal at the plaintiffs' high school. Upon the direction of a Cuyahoga Falls police officer who was investigating the accident and who had entered the store, Smith over objection permitted Romano to use the phone. A white paramedic then entered the store and requested permission to use the phone. Smith initially refused, and the police officer again ordered him to permit the use of the telephone because the call was "official" business and was necessitated by a malfunction in the ambulance's radio.
 
 
 5
 Plaintiffs, took issue with Smith's refusal to allow any of the black students or Carrington use of the phone, and thereafter commenced the present civil rights action in the District Court for the Northern District of Ohio. Lawson's and Smith filed a motion to dismiss, to which they attached as an exhibit a letter from the Cuyahoga Falls Chief of Police to a Lawson's executive concerning the incident. The letter affirmatively stated that Smith permitted the use of the phone only upon the order of the Cuyahoga Falls police officer. The plaintiffs filed a response and a supplemental response to the motion to which they attached several affidavits. Judge Lambros, treating the motion as one for summary judgment because matters outside of the pleadings had been presented to the court, granted summary judgment in favor of Lawson's and Smith. The plaintiffs thereupon initiated this timely appeal.
 
 
 6
 Plaintiffs argued that the district court erroneously considered the letter from the Chief of Police to Lawson's when it granted summary judgment. See Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir.1985) ("when a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.") (citing 6 Moore's Federal Practice p 56.11[1-8] (2d ed. 1983)). However,
 
 
 7
 [t]here was no objection below to the use by the court of the ... documents and, even if they were not presented in compliance with Fed.R.Civ.P. 56(e), they would support a summary judgment in the absence of objection to their use.
 
 
 8
 Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir.1982) (citation omitted). Plaintiffs were aware that the motion to dismiss was to be treated as one for summary judgment, see Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 393 (6th Cir.1975) (party who filed counter-affidavits in response to a motion to dismiss is imputed with the knowledge that the motion will be treated as one for summary judgment), and yet failed to object to the district court's consideration of the letter. Judge Lambros did not err in considering the letter in granting summary judgment in defendant's favor.
 
 
 9
 Plaintiffs next asserted that the district court improperly granted summary judgment in favor of Lawson's and Smith on their Sec. 1981 claim. To recover under Sec. 1981, a plaintiff must prove intentional or purposeful discrimination. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 390, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). Under Sec. 1981, a plaintiff must prove that the defendant treated him differently than whites and that "this disparate treatment was the result of discriminatory purpose." Smith v. Pan Am World Airways, 706 F.2d 771, 773 (6th Cir.1983) (per curiam). Summary judgment for the defendants is proper in civil rights cases where the plaintiffs have presented no evidence of purposeful discrimination. Id. Plaintiffs offered no such evidence, and dismissal of their Sec. 1981 claim was proper.
 
 
 10
 Plaintiffs also argued that the district court erroneously granted summary judgment on their Title II claims based upon 42 U.S.C. Secs. 2000a, 2000a-1, and 2000a-2. For a facility such as Lawson's to come under the prohibitions of Title II, it must be "principally engaged in selling food for consumption on the premises." 42 U.S.C. Sec. 2000a(b)(2). In Newman v. Piggie Park Enter., 377 F.2d 433 (4th Cir.1967) (en banc), modified on other grounds, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) the Fourth Circuit considered the meaning of the word "public accomodation" in terms of food service establishments:
 
 
 11
 The sense of this plan of coverage is apparent. Retail stores, food markets, and the like were excluded from the Act for the policy reason that there was little, if any, discrimination in the operation of them. Negroes have long been welcomed as customers in such stores. See 110 Cong.Rec. 6533 (1954) (remarks of Senator Humphrey).
 
 
 12
 Id. at 435-36. The Lawson's "convenience store" was not a "facility principally engaged in selling food for consumption on the premises," but rather, a place where food products were sold principally for off-premises consumption. Lawson's was a place "where food service was incidental to some other business...." Newman, 377 F.2d at 436 (emphasis added). Judge Lambros, therefore, properly ruled against plaintiffs on their Title II claims.
 
 
 13
 For the foregoing reasons, the judgment of the district court is hereby affirmed.