5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 CHING LUEN ENTERPRISES CO., LTD., Plaintiff-Appellant,
v.
Peter H. MASON, et al., Defendants-appellees.
 No. 92-55138.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-5962-RG; Richard A. Gadbois, Jr., District Judge, Presiding.
 Richard R. Hopkins, Pasadena, CA, for plaintiff-appellant.
 Margaret M. Morrow, Quinn, Kully & Morrow, Los Angeles, CA, for defendants-appellees.
 C.D.Cal.
 AFFIRMED.
 Before: WOOD, JR.,** REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 I. BACKGROUND
 
 2
 Plaintiff Ching Luen Enterprises Co., Ltd. ("CLE") sued partners of Fulbright & Jaworski ("Fulbright") for allegedly wrongfully retaining CLE client files. CLE also sued Fulbright's attorneys, partners of Quinn, Kully & Morrow ("QK & M"), alleging the CLE files were wrongfully held by them.
 
 
 3
 CLE, a Chinese corporation, was a client of Liang-Houh Shieh who joined Fulbright as a partner. When Fulbright began action to terminate Shieh as a partner, CLE sought to recover its files at Fulbright. The files were turned over within approximately three and a half months of the initial request. Fulbright claims it was attempting to determine from CLE where it wanted the files to be sent in those three months. CLE claims in its lawsuit that the delay was a breach of contract, a breach of covenant of good faith and fair dealings, a breach of fiduciary duty, legal malpractice, trespass, conversion, negligent interference with prospective economic advantage, an invasion of privacy, a violation of the Equal Credit Opportunity Act, and a violation of the Unruh Civil Rights Act.
 
 
 4
 CLE first sought to recover the files in May 1991. Fulbright received a copy of a form file transfer letter in May from an officer of CLE addressed to three people. This letter purported to authorize the three to take CLE files and money from CLE's trust account. Fulbright refused to turn over the files on the basis of the letter without prior confirmation from CLE directly. After receiving no response from CLE, Fulbright attempted to deliver the files to one of the three persons who in turn refused to accept them because she was no longer Shieh's lawyer. Fulbright gave the files to Shieh in August when it still had not heard directly from CLE about the disposition of the files.
 
 
 5
 CLE filed its complaint in October 1991 with ten different claims for relief. Four letters were attached to the twenty-seven page complaint, including the form file transfer letter and several letters from Fulbright to CLE.
 
 
 6
 In November 1991, Fulbright filed a motion to dismiss, and QK & M filed one for summary judgment. The district court heard the motions at a hearing on December 16, 1991. The court converted Fulbright's motion to dismiss into a summary judgment motion and then granted both motions. On December 18, the court suspended its December 16 ruling, ordered the motion to dismiss to be treated as one for summary judgment, and directed plaintiff to "present evidence and material in opposition" within five court days. The December 16 order was suspended for consideration of the additional evidence and material to be submitted. Plaintiff submitted a memorandum in opposition to the motion to dismiss but did not submit any additional factual evidence. On January 31, 1992, the court granted both summary judgment motions.
 
 II. ANALYSIS
 A. Conversion into Summary Judgment
 
 7
 CLE objects to the conversion of the motion to dismiss into a summary judgment motion. CLE argues that matters outside the pleadings were not involved, and that it did not receive adequate notice and opportunity to present material for a summary judgment decision. Additionally, CLE argues that the district court impermissibly made factual findings in contravention of the proper standard for deciding summary judgment motions.
 
 
 8
 A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted is converted into one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed.R.Civ.P. 12(b). These "matters" can be depositions, answers to interrogatories, affidavits, or any other written or oral evidence in support or in opposition to the pleading. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1366 (1990). Either the pleader or moving party can trigger the conversion. Id.
 
 
 9
 The district court converted Fulbright's motion because CLE presented matters outside the pleadings by attaching several exhibits to its complaint. CLE argued in district court that the Fulbright letters contained self-serving hearsay which CLE did not want to be bound to just because it attached the letters to the complaint. The district court, however, relied upon the letters in its decision and at the hearing stated: "All of this quibbling about whether these exhibits have to be excised from the allegations of the complaint, I'm not going to get involved in it, I'm going to convert it to a Rule 56 determination." (Hr'g on Dec. 16, 1991 at 9.) We believe the court properly converted the motion to dismiss into one for summary judgment since "matters outside the pleadings" were relied upon by the court. See Grove v. Mead Sch. Dist., 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826 (1985); Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir.1982).
 
 
 10
 A 12(b)(6) conversion must also give the nonmoving party adequate notice and opportunity to "present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b); Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.1981). Contrary to CLE's argument, it did have adequate notice that the motion was pending and a reasonable opportunity to respond. "[N]otice is adequate if the party against whom judgment is entered is 'fairly apprised' that the court will look beyond the pleadings." Grove, 753 F.2d at 1532. At the hearing on December 16, 1991, CLE had notice when the judge stated the motion would be converted. Then two days later, CLE again had notice when the court issued the order converting the motion to dismiss into one for summary judgment.
 
 
 11
 We further reject CLE's claim that it did not have an adequate opportunity to present additional factual evidence. The court gave it such an opportunity in its December 18 order when it gave CLE five days to present evidence in opposition to the summary judgment motion. CLE's counsel indicated that if he had known the motion would be treated as one for summary judgment, he would have submitted additional evidence. Nevertheless, when given the opportunity by the court, CLE submitted a legal memorandum and refused to submit anything else in opposition to the summary judgment motion. While five days is not an abundance of time, CLE had its chance, and it never asked for more time. See Fed.R.Civ.P. 56(f). See also Condon v. Local 2944, United Steelworkers, 683 F.2d 590, 593 (1st Cir.1982) (three weeks before ruling on motion sufficient time); Townsend, 667 F.2d at 850 (three weeks sufficient when party never asked for more). The purpose of the requirement that a party have an opportunity to respond is to allow time for the development of factual matters relevant to a summary judgment resolution. See Portland Retail, 662 F.2d at 645. But full discovery is not required and may not be necessary in order to resolve a summary judgment motion. Timberlane Lumber Co. v. Bank of Am., 549 F.2d 597, 602 (9th Cir.1976). This case is not complex, and based upon the pleadings and attached letters, additional discovery would have been fruitless. See Admiralty Fund v. City Nat'l Bank, 677 F.2d 1315, 1317 (9th Cir.1982).
 
 B. Summary Judgment
 
 12
 On summary judgment, which we review de novo, Tzung v. State Farm & Fire Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989), the court found there were no material issues of fact in dispute. CLE claims, however, there were numerous facts in dispute which the court improperly resolved, including whether a file transfer letter was addressed to Fulbright or instructed Fulbright to do anything. CLE also claims it is disputed whether Fulbright acted reasonably in turning over CLE's files, and whether QK & M ever had possession of the files.
 
 
 13
 The exhibits attached to the complaint conclusively show that these facts are not genuinely in dispute. The district court did not resolve any factual issues in contravention of summary judgment analysis. The file transfer letter is not addressed to Fulbright, and it does not instruct Fulbright to do anything. The letters written by Fulbright establish that Fulbright attempted to return the files after CLE failed to respond to its direct inquiries. Fulbright did then deliver the files--within three and a half months of the first request for the files. Fulbright fulfilled its burden under Rule 56(c). CLE has failed to do more than "rest upon the mere allegations or denials of [its] ... pleading." Fed.R.Civ.P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
 
 
 14
 Fulbright was entitled to judgment as a matter of law because CLE's legal arguments are without merit as the district court correctly found. CLE, furthermore, cannot argue the merits of its appeal "on the bases stated in [its] ... original Memorandum of Points and Authorities filed in opposition to the Fulbright motion" in district court. (Appellant's Opening Brief at 24.) This is in violation of the Ninth Circuit Rule 28-3.2: "Parties must not append or incorporate by reference briefs submitted to the district court ... or refer this Court to such briefs for their arguments on the merits of the appeal." See also United States v. Marchini, 797 F.2d 759, 767 (9th Cir.1986), cert. denied, 479 U.S. 1085 (1987).
 
 
 15
 Summary Judgment for QK & M was granted because the court found the facts did not show the firm ever had possession of any CLE files. CLE has only speculative inferences and allegations in support of its claims against QK & M and failed to offer any specific proof that QK & M did possess the files. The court did not resolve any factual dispute in order to decide the motion, and the court is entitled to disregard the nonmoving party's implausible claims. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1389 (9th Cir.1990). The court correctly found that QK & M was entitled to judgment as a matter of law.
 
 C. Amendment of the Complaint
 
 16
 In a final effort to save its case, CLE claims it should have been allowed to amend the complaint before it was dismissed. In this circuit, it is immaterial that CLE did not ask to amend its complaint in response to the motion to dismiss; if an amendment could have saved the complaint, the district court should have given CLE leave to amend. Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990). Any amendment, however, would have been futile because the acts complained of would not support any claim for relief. See Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991).
 
 III. CONCLUSION
 
 17
 The district court's grant of summary judgment in favor of defendants is AFFIRMED.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties' respective requests for judicial notice are denied. Defendants' request for sanctions under Rule 38 of the Federal Rules of Appellate Procedure is also denied