145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zera PUCKETT, Plaintiff/Appellant,
v.
Yamhill County, David Hostetler, and John Gray, Defendants/Appellees.
 No. 97-35327.
D.C. No. CV-95-451-JJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1998[2].
Decided May 15, 1998.
 
 Appeal from the United States District Court for the District of Oregon John Jeldirks, Magistrate Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Appellant Zera Puckett appeals the district court's award of attorneys' fees in her civil rights case, but the real party in interest in this appeal is her senior trial attorney, Tom Steenson. The court awarded fees for work performed by Steenson based on an hourly rate of $175. Steenson sought an hourly rate of $225. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 After counsel successfully represented Puckett in her civil rights action brought under 42 U.S.C. § 1983, Puckett, as the prevailing party, sought attorneys' fees in the amount of $41,782.50[4] and litigation costs in the amount of $1,688.00 pursuant to 42 U.S.C. section 1988.[5]
 
 
 3
 The district court found that Puckett was entitled to recover reasonable attorneys' fees under section 1988 and awarded Puckett attorneys' fees in the amount of $33,842.50 (a reduction of $7,940.00 from Steenson's fee application) and litigation costs in the amount of $1,688.00. This reduction in Puckett's fee award was the result of the court's finding that $175 was a reasonable hourly rate for the work performed by Steenson, rather than his requested rate of $225 per hour.
 
 
 4
 We review the amount of attorney's fees awarded by the district court for an abuse of discretion. Wing v. Asarco, Inc., 114 F.3d 986, 988 (9th Cir.1997); Corder v. Gates, 947 F.2d 374, 377 (9th Cr.1991). "Abuse of discretion" is the appropriate standard of review in light of the "district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
 
 
 5
 A district court commits an abuse of discretion only if the award of attorneys' fees and costs "is based on an inaccurate view of the law or a clearly erroneous finding of fact." Corder, 947 F.2d at 377. This court reviews the supporting findings of fact for clear error. Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 696 (9th Cir.1996).
 
 I. Puckett's Motion to Strike
 
 6
 On appeal, Steenson moves to strike certain portions of Appellees' supplemental excerpt of record on the grounds that they were not made part of the record in district court or in the record on this appeal. Steenson's Motion to Strike is DENIED. The materials Steenson sought to have stricken from consideration were incorporated by reference into the record reviewed by the district court (which previously denied Steenson's motion to strike consideration of the same materials). See Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir.1982).
 
 II. Reasonable Hourly Rate
 
 7
 To calculate a reasonable attorney's fee for a successful civil rights action, the district court multiplies a reasonable hourly rate by the number of hours reasonably expended by the litigation. See Hensley, 461 U.S. at 433. In determining a reasonable fee award, the district court considers both the "experience, skill and reputation of the attorney requesting fees," Trevino v. Gates, 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). A community's prevailing market rate for legal services is "indicative of a reasonable hourly rate." Jordan v. Multonomah County, 815 F.2d 1258, 1262-63 (9th Cir.1987). "[T]he relevant community, is one in which the district court sits." Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir.1991), overruled on other grounds, Davis v. City and County of San Francisco, 976 F.2d 1536 (9th Cir.1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir.1993). Reasonable hourly attorneys' fees pursuant to § 1988 "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum, 465 U.S. at 895.
 
 Steenson argues:
 
 8
 The only evidence submitted by defendants below which they point to and claim supports an award for Steenson's time at the rate of $175 per hour is the affidavit of James Martin, defendants' defense attorney at the trial level (ER-75). Clearly, however, his rate of $125 per hour as a defense attorney is incompetent and irrelevant evidence of what would be a reasonable rate in this case for a plaintiffs' attorney of Steenson's stature. See Trevino v. Gates, 99 F.3d 911, 924 (9th Cir.1996).
 
 
 9
 (Steenson's Reply Brief, p. 3).
 
 
 10
 Steenson's arguments on appeal are without merit. Trevino holds that hourly rates charged by members of the civil rights defense bar should not be used as the starting point to determine the reasonable hourly rate for a civil rights plaintiff's attorney. Instead, "the proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel." Trevino, 99 F.3d at 925, quoting Davis, 976 F.2d at 1547 (internal citations omitted).
 
 
 11
 "Private attorneys" include both plaintiffs' and defendants' civil rights attorneys. In the absence of evidence of the actual fees charged by both defense and plaintiff's lawyers, it would be difficult to police against artificially inflated fees supported by only one segment of the bar's affidavits in connection with one another's fee petitions. This is of particular concern since the Supreme Court outlawed contingency enhancement (through the use of a multiplier to the hourly fee) as incompatible with fee-shifting statutes like 42 U.S.C. § 1988. See Burlington v. Dague, 505 U.S. 557, 565, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). In Burlington, the Supreme Court held that the use of a multiplier to reflect the contingent risk of nonpayment in fee-shifting cases "would in effect pay for the attorney's time (or anticipated time) in cases where his client does not prevail." Id . A district court must be able to look to the hourly rates charged by members of both civil rights bars to assure itself that a fee award reflects a commercially reasonable hourly rate that is neither artificially inflated nor laden with contingency enhancement. The district court in this case looked at affidavits submitted by both civil rights bars to determine Puckett's fee award.
 
 
 12
 The district court expressly stated that in fixing Steenson's fee, it did not rely exclusively upon fees paid by government entities to civil rights defense attorneys, specifically noting that such a practice was condemned by Trevino. This is corroborated by the fact that the award of $175 per hour for Steenson's rate is $50 an hour higher than the rate charged by defense counsel in this case.
 
 
 13
 Steenson also is wrong in arguing that the record is devoid of competent evidence supporting the court's finding that $175 per hour is reasonable. Affidavits by members of Portland's civil rights plaintiffs' bar, submitted by Steenson himself, state that the prevailing market rates for comparable work performed by an attorney with similar skill and experience as Steenson range from $175 to $225 hour. Specifically, the December 4, 1996 affidavit of Spencer Neal, a Portland civil rights plaintiffs' attorney with over 20 years of experience, states:
 
 
 14
 I am aware that attorneys who have skills, experience and reputation comparable to mine who litigate complex cases in federal court on behalf of claimants charge fees that range from $175 to $250 per hour.
 
 
 15
 Likewise, the December 5, 1996 affidavit of Stephen L. Brischetto, another Portland plaintiffs' civil rights attorney in practice for 19 years, states:
 
 
 16
 In my opinion, the prevailing market rate for an attorney with 15-20 years of legal experience performing work on an hourly basis in a complex and specialized area of law not generally available to the bar at large is in the range of $175 per hour to $250 per hour.
 
 
 17
 Given these affidavits, Steenson's claim of an absence of competent evidence to support the district court's findings is simply incorrect.
 
 
 18
 Finally, the district court's order awarding Puckett attorneys' fees provided the necessary "concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. "Concise but clear" language has been interpreted to require the district court "to give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." Gates v. Deukmejian, 977 F.2d 1300, 1306 (9th Cir.1992).
 
 
 19
 The district court did not abuse its discretion in basing the fee award, in part, on an hourly rate of $175 for Steenson. The judgment of the district court is AFFIRMED.
 
 
 
 [2]
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34.4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3
 
 
 [4]
 The $41,782.50 in attorneys' fees claimed by Puckett were categorized as follows:
 Tom Steenson (lead trial attorney): 158.8 hours at $225 per hour.
 Michael Rose (assisting attorney): 3.9 hours at $175 per hour.
 Zan Tewksbury (assisting attorney) 35.8 hours at $150 per hour.
 
 
 [5]
 The Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. 94-559, 90 Stat. 2641, as set forth in 42 U.S.C. section 1988 states, in pertinent part:
 ... In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.