Terry G. TOTTEN, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 07–35494.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Oct. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**580**

Terry Wallace, Esquire, Boulder, CO, for Plaintiff–Appellant.

Jennifer D. Auchterlonie, Esquire, John Schumann, Kenneth Greene, Esquire, Supervisory, U.S Department of Justice, Washington, DC, Robert P. Brouillard, Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: RYMER and FISHER, Circuit Judges, and HURLEY, District Judge.**

MEMORANDUM ***

Terry Totten appeals the district court's grant of summary judgment in favor of the Internal Revenue Service (IRS) on Totten's lawsuit challenging the outcome of a Collection Due Process (CDP) hearing. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ The district court did not err in granting summary judgment on Totten's claim that he should have been able to challenge the underlying Trust Fund Recovery Penalty (TFRP) at the CDP hearing. Taxpayers may not challenge the underlying tax liability at a CDP hearing if they had a prior opportunity to dispute the liability. *See* 26 U.S.C. § 6330(c)(2)(B). Totten had such an opportunity at his 2005 administrative hearing but elected instead to argue that the IRS had not produced any evidence to support the TFRP assessment. Moreover, Totten's opportunity to dispute the TFRP was not illusory simply because the IRS rejected his legal arguments. Finally, because Totten has not explained why he did not immediately challenge the result of the first administrative hearing by paying the TFRP and filing suit for refund, *see* 26 U.S.C. § 7422, allowing him to dispute the TFRP here would undermine the statutory regime for contesting tax liability.

■ The district court did not err in granting summary judgment on Totten's claim that the CDP hearing officer abused his discretion by failing to consider Totten's offer-in-compromise (OIC). Totten failed to provide a copy of the OIC his attorney Terry Wallace declared that he submitted to the IRS. *See* Fed.R.Civ.P. 56(e)(1) ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or be served with the affidavit."). Thus, we find no fault with the district court not considering Wallace's unsupported assertion about the OIC. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1261–62 (9th. Cir.1993) (rejecting affidavit referring to certain contracts because relevant portions of the contracts were not included); *Faulkner v. Fed'n of Preschool and Cmty. Educ. Ctrs., Inc.*, 564 F.2d 327, 328 (9th Cir.1977) ("Affidavits and documents not in compliance with Rule 56(e) *may* [ ] be considered by the trial court ... in the absence of an objection by [opposing] counsel." (emphasis added)).

■ The district court did not err in granting summary judgment on Totten's claim that the CDP hearing officer abused his discretion by offering only two payment plans he acknowledged Totten could not reasonably afford. The IRS must ac-

---

** The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cept taxpayer offers to enter into installment agreements when the outstanding liability is less than $10,000, *see* 26 U.S.C. § 6159(c), but Totten's liability exceeded $100,000. Given the CDP hearing officer's discretion to accept or reject any proposed installment plan, he was not obliged to offer Totten an affordable installment plan. *See* 26 U.S.C. § 6159(a) (generally granting the IRS discretion to enter into installment agreements).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.